UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GREEN BAY DIVISION

| | |
|---|---|
| ANDRE JEAN-BAPTISTE,<br>individually and on behalf of all<br>persons similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>GLK FOODS, LLC,<br><br>        Defendant. | Case No. 15-C-636<br><br>**COMPLAINT - CLASS ACTION** |

**AMENDED COMPLAINT FOR DAMAGES,
DECLARATORY RELIEF AND INJUNCTIVE RELIEF**

**PRELIMINARY STATEMENT**

1. This is an action by a migrant farmworker to secure and vindicate rights afforded to him by the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§1801, *et seq*. ("AWPA").

2. The Plaintiff also seeks relief on behalf of his co-workers for the Defendant's violations of the registration verification, working arrangement and wage payment provisions of the AWPA.

3. The Plaintiff complains of the unlawful employment practices of the Defendant during the periods in 2011, 2012 and 2013 when Plaintiff was employed grading, chopping,

preparing or packing cabbage in the Defendant's sauerkraut factory in Bear Creek, Wisconsin.

4. The Plaintiff seeks an award of money damages, declaratory relief, and injunctive relief to make him whole for damages he suffered due to the Defendant's violations of law, and to ensure that he and other farmworkers will not be subjected by the Defendant to similar illegal conduct in the future.

## JURISDICTION

5. Jurisdiction is conferred upon this Court by 29 U.S.C. §1854(a), this action arising under the AWPA.

6. This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. §§2201 and 2202.

## VENUE

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and 29 U.S.C. §1854(a). The cause of action arose in this district and the Defendant is a resident of this district.

## PARTIES

8. The Plaintiff is a resident of Miami-Dade County, Florida. At all times relevant to this action, the Plaintiff was a migrant agricultural worker within the meaning of the AWPA, 29 U.S.C. §1802(8)(A), and its attendant regulations, 29 C.F.R. §500.20(p), in that he was employed in agricultural employment of a seasonal nature as a trim line laborer in the Defendant's Bear Creek, Wisconsin sauerkraut plant and was required to be absent overnight from his permanent place of residence in Miami. At all times relevant to this action, the Plaintiff was employed in

the production of sauerkraut for sale in interstate commerce.

9. Defendant GLK Foods, LLC, formerly known as Great Lakes Kraut Company, LLC is a Wisconsin limited liability company. GLK Foods, LLC operates a sauerkraut processing facility in Bear Creek, Wisconsin which prepares and processes cabbage into sauerkraut. The sauerkraut produced in the Bear Creek facility is shipped throughout the United States. At all times relevant to this action, GLK Foods, LLC was an agricultural employer of the Plaintiff and the other members of the class within the meaning of the AWPA, 29 U.S.C. §1802(2), in that it operated a processing establishment or cannery in Bear Creek, Wisconsin and employed the Plaintiff and other migrant or seasonal agricultural workers.

## CLASS ACTION ALLEGATIONS

10. All claims set forth in Count I are brought by the Plaintiff on behalf of himself and all other similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

11. The Plaintiff seeks to represent a class consisting of all migrant agricultural workers, as defined by the AWPA, who were furnished to GLK Foods, LLC by farm labor contractor Cabioch Bontemps, doing business as Kroprite Harvesting, for employment cutting, cleaning, trimming, coring, shredding, packing or otherwise handling cabbage at GLK Foods, LLC's Bear Creek, Wisconsin facility during 2011.

12. The precise number of individuals in the class is known only to GLK Foods, LLC. The class is believed to include at least 50 individuals. The proposed class is comprised of indigent migrant farmworkers who are not fluent in the English language, and instead speak Haitian Creole. The relatively small size of the individual claims and the indigency of the class

members makes the maintenance of separate actions by each class member economically infeasible. Joinder of all members of the class is impracticable.

13. There are questions of fact common to the class. These common questions include whether GLK Foods, LLC took reasonable steps to determine that Cabioch Bontemps possessed a valid federal certificate of registration before utilizing his services as a farm labor contractor, and whether GLK Foods, LLC failed to pay the Plaintiff and the other class members wages promptly when due, as required by law.

14. There are questions of law common to the class. These common legal questions include whether GLK Foods, LLC was an agricultural employer of the Plaintiff and the other members of the class within the meaning of the AWPA, whether GLK Foods, LLC was obligated to pay the Plaintiff and the other class members at least $10.36 per hour for their labor in 2011 (and $15.54 for overtime work), as promised in GLK Foods' temporary labor certification application, and whether the violations of the AWPA's registration verification, wage payment and working arrangement provisions were intentional within the meaning of that statute.

15. The claims of the named Plaintiff are typical of those of the other class members, and these typical, common claims predominate over any questions affecting only individual class members. The Plaintiff has the same interests as do other members of the class and will vigorously prosecute these interests on behalf of the class.

16. The Plaintiff's counsel is experienced in litigation under the AWPA and has handled numerous class actions in the federal courts, including over 30 class actions under the AWPA. The Plaintiff's counsel is prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the class members under Rule 23(b)(3).

.    17. A class action under Rule 23(b)(3) is superior to other available methods of

adjudicating this controversy, *inter alia*:

    a. The common issues of law and fact, as well as the relatively small size of the individual class members' claims, substantially diminish the interest of members of the class in individually controlling the prosecution of separate actions;

    b. Many members of the class are unaware of their rights to prosecute these claims and lack the means and resources to secure legal assistance;

    c. There has been no litigation already commenced by the members of the class to determine the questions presented with respect to the Defendant;

    d. It is desirable that the claims be heard in this forum since the class members and the Defendant's recruiting agent reside in this district and the cause of action arose in part in this district; and

    e. A class action can be managed without undue difficulty because GLK Foods, LLC regularly committed the violations complained of herein, and was required to maintain detailed records concerning each member of the class.

# COUNT I

## (MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT)
## (2011 CABBAGE SEASON)

## (CLASS CLAIMS)

18. This count sets forth a claim by the Plaintiff, on behalf of himself and the other members of the class, for damages, declaratory relief and injunctive relief with respect to the GLK Foods, LLC's violations of the AWPA and its attendant regulations during the 2011 cabbage season.

19. GLK Foods, LLC is in the business of sauerkraut production. It processes cabbage through its Bear Creek, Wisconsin processing facility to be converted into sauerkraut. During the cabbage harvest season (ordinarily August through November), GLK Foods, LLC requires temporary labor to assist in the processing the freshly-harvested cabbage. These temporary workers, referred to by GLK Foods, LLC as trim line laborers, are hired to cut, clean, trim, core and shred cabbage, and deposit it into barrels.

20. Because of difficulty in attracting local workers to fill the seasonal trim line laborer positions, GLK Foods from 2006 through 2011 annually applied to the United States Department of Labor for temporary labor certification to employ Mexican nationals as trim line laborers at its Bear Creek processing facility. These Mexican nationals were admitted to the United States pursuant to provisions of the Immigration and Nationality Act which permit employment of aliens on a temporary basis in instances where there are insufficient workers available in the United States to perform the proffered employment and where employment of the alien workers will not adversely affect the wages and conditions of similarly-employed U.S. workers. 8 U.S.C. §1101(a)(15)(H)(ii)(B); 8 C.F.R. §214.2(h)(6)(iv)(A). Foreign workers hired through this

process are commonly referred to as "H-2B workers," after the section of the Immigration and Nationality Act that authorizes their admission.

21. For 2011, GLK Foods, LLC applied for the admission of 143 foreign workers to work as trim line laborers in its Bear Creek processing facility from August 1 through November 15, 2011. The job duties to be performed by the requested trim line laborers included cutting, cleaning, trimming, coring and shredding cabbage, and depositing it into barrels.

22. GLK Foods, LLC's application for the admission of H-2B workers for employment as trim laborers in 2011, as described in Paragraph 21, was prepared and submitted on behalf of GLK Foods, LLC by its agent, Laborquest USA of Boca Raton, Florida.

23. Prior to submitting its application for admission of 143 H-2B workers for employment as trim line laborers during 2011, GLK Foods, LLC was required to obtain a prevailing wage determination from the National Processing Center of the United States Department of Labor. 20 C.F.R. §655.10. This determination was requested on GLK Foods' behalf by Laborquest USA. The National Processing Center determined that the prevailing wage for GLK Foods, LLC's trim line laborer positions during 2011 was $10.36 per hour.

24. After it obtained the prevailing wage determination described in Paragraph 23, GLK Foods, LLC submitted an Application for Temporary Labor Certification to the United States Department of Labor seeking admission of 143 H-2B workers for employment as trim line laborers from August 1 through November 15, 2011. GLK Foods' Application of Temporary Labor Certification, submitted on Form ETA 9142, was prepared by Laborquest USA.

25. In its Application for Temporary Labor Certification as described in Paragraph 24, GLK Foods, LLC stated that the regular rate of pay for the job would be $10.36 per hour, and that overtime hours would be paid at a rate of $15.54 per hour. The Application for Temporary

Labor Certification included an attestation by GLK Foods, LLC that the information contained in the application was true and correct. The Application also included an attestation by GLK Foods, LLC that the offered wage equaled or exceeded the prevailing wage, an assurance required by federal regulations at 20 C.F.R. §655.22(e).

26. On June 27, 2011, the United States Department of Labor approved GLK Foods, LLC's temporary labor certification application described in Paragraphs 24 and 25 and certified that the employment of foreign workers at the terms and wages contained in the Application would not adversely affect the wages and conditions of similarly-employed U.S. workers.

27. In or about August, 2011, GLK Foods, LLC hired farm labor contractor Cabioch Bontemps to recruit, hire, furnish and transport migrant agricultural workers to perform the job activities described in GLK Foods' temporary labor certification application described in Paragraphs 24 and 25. In exchange for providing these services, GLK Foods, LLC agreed to pay Bontemps a fee or other valuable consideration.

28. Upon his hiring by GLK Foods, LLC as described in Paragraph 27, Cabioch Bontemps recruited and hired the Plaintiff and the other class members in or near Miami-Dade County, Florida and transported them to Bear Creek, Wisconsin, where Bontemps furnished them to GLK Foods, LLC for work as trim line laborers. GLK Foods, LLC paid Bontemps a fee or other valuable consideration for providing these services.

29. In violation of the AWPA, 29 U.S.C. §1842, prior to utilizing the services of Cabioch Bontemps during 2011 as described in Paragraphs 27 and 28, GLK Foods, LLC failed to undertake any steps to determine that Bontemps was in possession of a certificate of registration as a farm labor contractor issued by the United States Department of Labor. In fact, neither Cabioch Bontemps nor Kroprite Harvesting has ever been registered with the United States

Department of Labor as farm labor contractor, a fact that could have been ascertained by reviewing the Department of Labor's online listing of registered farm labor contractors or by contacting the Department's toll-free information line.

30. The Plaintiff and the other class members were employed at GLK Foods, LLC's Bear Creek sauerkraut processing facility from approximately October 1 through November 18, 2011. During this time, the Plaintiff and the other class members were employed as trim line laborers and performed the job activities described in GLK Foods, LLC's temporary labor certification application described in Paragraphs 21, 24 and 25, *i.e.,* cutting, cleaning, trimming, coring and shredding cabbage, and depositing it into barrels. Throughout this employment, the Plaintiff and the other class members were assigned tasks, supervised and controlled in all of their job activities by employees of GLK Foods, LLC and all work was performed at GLK Farms' Bear Creek processing plant as an integral part of GLK Foods' production of sauerkraut for commercial sale. GLK Foods, LLC provided the timekeeping equipment that collected the data used to prepare the payroll records on the labor of the Plaintiff and the other class members and GLK Foods determined the wage rate to be paid to the Plaintiff and the other class members.

31. GLK Foods, LLC's Application for Temporary Labor Certification described in Paragraphs 24 and 25 constituted a working arrangement between GLK Foods, LLC and Plaintiff and the other class members, within the meaning of the AWPA, 29 U.S.C. §1822(c). The Application set out the essential job terms, including the wage rate, required to be paid by GLK Foods, LLC as a condition of its being certified to import H-2B workers for employment as trim line laborers during the 2011 season.

32. Despite the promises that GLK Foods, LLC made in its temporary labor certification application described in Paragraphs 24 and 25, the Plaintiff and the other class members were not

paid at least $10.36 per hour for their employment in 2011 at GLK Foods' Bear Creek processing facility, nor were they paid at a rate of $15.54 per hour for overtime work. Instead, the Plaintiff and the other class members were paid a regular rate of $8.00 per hour and an overtime rate of $12.00 per hour.

33. As a result of the practices described in Paragraph 32, and in violation of the AWPA, 29 U.S.C. §1822(a), GLK Foods, LLC failed to pay the Plaintiff and the other class members their wages promptly when due for their work during the 2011 season.

34. By failing to pay the wage rates promised in its Application for Temporary Labor Certification, as described in Paragraph 32, GLK Foods violated without justification its working arrangement with the Plaintiff and the other class members, in contravention of the AWPA, 29 U.S.C. §1822(c).

35. The violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate actions of Defendant GLK Foods, LLC. These violations occurred as a result of the regular business practices of GLK Foods, LLC. As a result, the violations of the AWPA and its attendant regulations as set out in this count were intentional within the meaning of the AWPA, 29 U.S.C. §1854(c)(1).

36. As a result of GLK Foods, LLC's violations of the AWPA and its attendant regulations as set forth in this count, the Plaintiff and the other members of the class have suffered damages, including the denial of wages due them.

# COUNT II

## (MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT)
## (2012 CABBAGE SEASON)

37. This count sets forth a claim by the Plaintiff for damages, declaratory relief and injunctive relief with respect to GLK Foods, LLC's violations of the AWPA during the 2012 cabbage season.

38. In or about July, 2012, GLK Foods, LLC hired farm labor contractor Cabioch Bontemps to recruit, hire, furnish and transport migrant agricultural workers to work as trim line laborers at GLK Foods' Bear Creek processing facility. In exchange for providing these services, GLK Foods, LLC agreed to pay Bontemps a fee or other valuable consideration.

39. Upon his hiring by GLK Foods, LLC as described in Paragraph 38, Cabioch Bontemps recruited and hired the Plaintiff in or near Miami-Dade County, Florida and transported him to Bear Creek, Wisconsin, where Bontemps furnished him to GLK Foods, LLC for work as a trim line laborer. GLK Foods, LLC paid Bontemps a fee or other valuable consideration for providing these services.

40. In violation of the AWPA, 29 U.S.C. §1842, prior to utilizing the services of Cabioch Bontemps during 2012 as described in Paragraphs 38 and 39, GLK Foods, LLC failed to undertake any steps to determine that Bontemps was in possession of a certificate of registration as a farm labor contractor issued by the United States Department of Labor. In fact, neither Cabioch Bontemps nor Kroprite Harvesting has ever been registered with the United States Department of Labor as farm labor contractor, a fact that could have been ascertained by reviewing the Department of Labor's online listing of registered farm labor contractors or by contacting the Department's toll-free information line.

41. The violation of the AWPA set forth in this count was the natural consequence of the conscious and deliberate actions of Defendant GLK Foods, LLC. This violation occurred as a result of the regular business practices of GLK Foods, LLC. As a result, the violation of the AWPA set out in this count was intentional within the meaning of the AWPA, 29 U.S.C. §1854(c)(1).

42. As a result of GLK Foods, LLC's violation of the AWPA as set forth in this count, the Plaintiff has suffered damages.

# COUNT III

## (MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT)
## (2013 CABBAGE SEASON)

43. This count sets forth a claim by the Plaintiff for damages, declaratory relief and injunctive relief with respect to GLK Foods, LLC's violations of the AWPA during the 2013 cabbage season.

44. In or about July, 2013, GLK Foods, LLC hired farm labor contractor Cabioch Bontemps to recruit, hire, furnish and transport migrant agricultural workers to work as trime line laborers at GLK Foods' Bear Creek processing facility. In exchange for providing these services, GLK Foods, LLC agreed to pay Bontemps a fee or other valuable consideration.

45. Upon his hiring by GLK Foods, LLC as described in Paragraph 44, Cabioch Bontemps recruited and hired the Plaintiff in or near Miami-Dade County, Florida and transported him to Bear Creek, Wisconsin, where Bontemps furnished him to GLK Foods, LLC for work as a trim line laborer. GLK Foods, LLC paid Bontemps a fee or other valuable consideration for providing these services.

46. In violation of the AWPA, 29 U.S.C. §1842, prior to utilizing the services of Cabioch Bontemps during 2013 as described in Paragraphs 44 and 45, GLK Foods, LLC failed to undertake any steps to determine that Bontemps was in possession of a certificate of registration as a farm labor contractor issued by the United States Department of Labor. In fact, neither Cabioch Bontemps nor Kroprite Harvesting has ever been registered with the United States Department of Labor as farm labor contractor, a fact that could have been ascertained by reviewing the Department of Labor's online listing of registered farm labor contractors or by contacting the Department's toll-free information line.

47. The violation of the AWPA set forth in this count was the natural consequence of the conscious and deliberate actions of Defendant GLK Foods, LLC.  This violation occurred as a result the regular business practices of GLK Foods, LLC.  As a result, the violation of the AWPA set out in this count were intentional within the meaning of the AWPA, 29 U.S.C. §1854(c)(1).

42. As a result of GLK Foods, LLC's violation of the AWPA as set forth in this count, the Plaintiff has suffered damages.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that this Court will enter an order:

   a. Certifying this case as a class action in accordance with Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims for violations of the AWPA's registration verification, wage payment and working arrangement provisions as set forth in Count I;

   b. Declaring that Defendant GLK Foods, LLC intentionally violated the Migrant and Seasonal Agricultural Worker Protection Act and its attendant regulations as set forth in Counts I, II and III;

   c. Granting judgment in favor of the Plaintiff and the other members of the class and against Defendant GLK Foods, LLC on the claims under the registration verification, wage payment and working arrangement provisions of the Migrant and Seasonal Agricultural Worker Protection Act as set forth in Count I, and awarding each of them his or her actual damages or $500 in statutory damages, whichever is greater, for each of these violations of the AWPA and its implementing regulations;

d.  Granting judgment in favor of the Plaintiff and against Defendant GLK Foods, LLC on his claims under the registration verification provisions of the Migrant and Seasonal Agricultural Worker Protection Act as set forth in Count II, and awarding him $500 in statutory damages;

e.  Granting judgment in favor of the Plaintiff and against Defendant GLK Foods, LLC on his claims under the registration verification provisions of the Migrant and Seasonal Agricultural Worker Protection Act as set forth in Count III, and awarding him $500 in statutory damages;

f.  Permanently enjoining Defendant GLK Foods, LLC from further violations of the Migrant and Seasonal Agricultural Worker Protection Act and its attendant regulations;

g.  Granting such other relief as this Court deems just and equitable.

Respectfully submitted,


***/s/ Gregory S. Schell***
Gregory S. Schell
Florida Bar Number 287199
MIGRANT FARMWORKER JUSTICE
      PROJECT
508 Lucerne Avenue
Lake Worth, Florida 33460-3819
Telephone: (561) 582-3921
Facsimile: (561) 582-4884
e-mail: Greg@Floridalegal.Org

Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that the foregoing document will be served on counsel listed below by CM/ECF on July 14, 2015:

      Bradley S. Bell
BELL LAW GROUP, P.A.
407 N. Howard Avenue
Suite 201
Tampa, Florida 33606

Gregory B. Gill, Sr.
GILL & GILL, S.C.
128 North Durkee Street
Appleton, Wisconsin 54911

      ***/s/ Gregory S. Schell***
      Gregory S. Schell