UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDRE JEAN-BAPTISTE, individually and
on behalf of all persons similarly situated,

        Plaintiff,

   v.                                              Case No. 15-CV-636

GLK FOODS LLC,

        Defendant.

**ORDER**

**I.    Plaintiff's Unopposed Motion for Leave to File Second Amended Complaint**

Plaintiff has filed a motion for leave to file a second amended complaint in this proposed class action asserting violations of the Migrant and Seasonal Agricultural Worker Protection Act (AWPA), 29 U.S.C. §§ 1801 *et seq.,* in 2011–2013. This case is related to two earlier-filed cases, both of which were brought against the above-named defendant, GLK Foods LLC. *See* Case Nos. 12-CV-209 & 12-CV-210. GLK is the largest sauerkraut producer in the world and these cases arise out of its employment of migrant workers in its sauerkraut cannery plant in Bear Creek, Wisconsin. The 2012 cases, both previously certified as class actions and both presently at the summary judgment stage, were brought by Mexican nationals hired by GLK under the federal government's H-2B program. This case was brought by a Haitian worker from Florida who GLK hired in 2011, along with the others in the proposed class, to replace the H-2B workers. Plaintiff worked for GLK in 2011, 2012 and 2013. This action was filed in February 2015 in the Miami Division of the Southern District of Florida and transferred to this district in May 2015 on the parties' joint motion

after GLK moved to dismiss for lack of personal jurisdiction.

The proposed second amended complaint adds several claims to Count I of the amended complaint. Count I asserts AWPA violations on behalf of the proposed class occurring in 2011. Plaintiff seeks to add claims for violations of the AWPA's record-keeping and wage statement requirements. The proposed second amended complaint also adds the allegation that GLK failed to report the wages of Plaintiff and the other members of the proposed class to the Internal Revenue Service, and it seeks injunctive relief directing the filing of W-2 tax forms so as to credit the workers' individual Social Security earnings accounts.

Rule 15(a) of the Federal Rules of Civil Procedure permits amendment of a party's pleading more than 21 days after service of a responsive pleading if the parties consent or if the court grants leave to amend. The rule further provides that the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, Plaintiff submits that amendment of its pleading should be allowed because it is early in the case and amendment will not unduly delay or complicate the matter or substantially prejudice GLK. GLK has not responded to the motion, indicating that it does not oppose it. The motion is hereby **GRANTED**. The Clerk is directed to detach and file the second amended complaint, ECF No. 25-4.

**II. Plaintiff's Unopposed Motion for Class Certification**

Plaintiff also filed a motion for class certification under Federal Rule of Civil Procedure 23(b)(3). Plaintiff requests an order permitting the matter to proceed as a class action with respect to the claims set forth in Count I of the second amended complaint. Plaintiff seeks to represent a class defined as follows:

> All migrant agricultural workers, as defined by the Agricultural Worker Protection Act, who were furnished to GLK Foods, LLC by farm labor contractor Cabioch Bontemps, doing business as Kroprite Harvesting, Inc., for employment cutting, cleaning, trimming, coring, shredding, packing or otherwise handling cabbage at GLK Foods, LLC's Bear Creek, Wisconsin facility during 2011.

ECF No. 26 at 1–2.

Plaintiff's motion was filed on September 20, 2015 and GLK has not filed any response to date. Despite GLK's apparent willingness to litigate Count I on a class-wide basis, a plaintiff must "affirmatively demonstrate," and the court must be satisfied after a "rigorous analysis," that the requirements of Rule 23 are satisfied. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. --- , 131 S. Ct. 2541, 2552–53 (2011).

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Id.* at 2550 (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)). A plaintiff requesting class certification must satisfy the four prerequisites of Rule 23(a), and then any one of the requirements under Rule 23(b). *Oshana v. Coca–Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). The four Rule 23(a) requirements are numerosity, commonality, typicality, and adequate representation of the class by the named plaintiffs and their counsel. Fed. R. Civ. P. 23(a). Assuming all four of the subsection (a) requirements are present, a class should be certified where, among other conditions, the common issue of law or fact "predominate" over questions affecting only individual class members. Rule 23(b)(3). "Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question. Even after a certification order is entered, the judge remains free to modify it in the light of subsequent

developments in the litigation." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982).

Here, it appears clear from the second amended complaint, as well as what the court already knows about the 2012 cases, that class treatment of Count I is appropriate. The proposed class is believed to include at least 50 individuals. These individuals' claims involved numerous common questions of fact, including whether GLK took reasonable steps to determine whether Cabioch Bontemps possessed a valid federal certificate of registration as required under § 1842 of the AWPA before utilizing his services as a farm labor contractor, and whether GLK maintained payroll records and issued wage statements as required under the AWPA. The claims also involve numerous common questions of law, including whether GLK was obligated to pay the proposed class members at least $10.36 per hour as stated in GLK's H-2B temporary labor certification application and whether the alleged violations of the registration verification, record-keeping, wage statement and working arrangement provisions of the AWPA were intentional within the meaning of the law. Second Am. Compl. ¶¶ 12–14. The claims of the named plaintiff are also typical of those of the other class members and plaintiff's counsel is experienced in AWPA class action litigation.

For many of the same reasons, the questions of law and fact common to the class will appear to predominate over any questions affecting only individual members. Fed. R. Civ. P. 23(b)(3). And as Plaintiff contends, the class action is superior to other methods of adjudicating this controversy because many of the class members are not proficient in English and are indigent and may not have the wherewithal to bring such claims individually; because there have been no other lawsuits filed by members of the putative class raising the same issues; because GLK has admitted (in its motion to dismiss) this is the most desirable forum in which to litigate this case; and because the

administrative difficulties with class treatment do not preclude a finding of predominance, particularly where the principal individualized issue in this case—the amount of allegedly unpaid wages due to workers—would be an issue whether the case was tried individually or as a class.

For all of these reasons, Plaintiff's unopposed motion for class certification is therefore **GRANTED**. For purposes of adjudicating Count I of the second amended complaint, the class will be defined as follows:

> All migrant agricultural workers, as defined by the Agricultural Worker Protection Act, who were furnished to GLK Foods, LLC by farm labor contractor Cabioch Bontemps, doing business as Kroprite Harvesting, Inc., for employment cutting, cleaning, trimming, coring, shredding, packing or otherwise handling cabbage at GLK Foods, LLC's Bear Creek, Wisconsin facility during 2011.

**SO ORDERED** this  12th  day of November, 2015.

                                              s/ William C. Griesbach
                                              William C. Griesbach, Chief Judge
                                              United States District Court