UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GREEN BAY DIVISION

|  |  |  |
|---|---|---|
| **ANDRE JEAN BAPTISTE,** individually and on behalf of all persons similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 15-C-636 |
| **GLK FOODS, LLC,** | ) ) ) | |
| Defendant. | ) ) | |

## PLAINTIFF'S' MOTION FOR APPROVAL AND MAILING OF CLASS NOTICE

By its order of November 12, 2015 (Docket Entry 27), the Court certified a class consisting of all migrant agricultural workers furnished to Defendant GLK Foods, LLC by farm labor contractor Cabioch Bontemps in 2011 for employment at the company's Bear Creek, Wisconsin processing facility. The Plaintiff hereby moves for approval of the attached notice to class members. In addition, the Plaintiff seeks court approval of the mailing of the notice, translated into Haitian Creole, to the members of the class at each class members' permanent address.

Farm labor contractor Bontemps submitted records to the Wisconsin Department of Workforce Development containing the addresses of the majority of the class members, and these data are being supplemented by Bontemps' bookkeeper in response to a subpoena duces tecum. As a result, distribution of the class notice by first class mail is the preferred method for providing

notice.  *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 492-93 (E.D. Cal. 2006) ("First class mail is ordinarily sufficient to notify class members who have been identified")

The text of the accompanying notice was shared with and revised by Defendant's counsel. The parties are agreed on the language of the accompanying proposed notice, provided that it is translated into Haitian Creole, the native language of most of the class members.

GLK Foods proposes that the class notice be accompanied by a form that class members may use to opt-out of the case.   The Plaintiff opposes this request because it is neither necessary and is likely to confuse the class members, most of whom are not fluent in English. *See* Second Amended Complaint (Docket Entry 28), at 3-4, ¶ 12.

Due process is satisfied where a fully descriptive notice is sent first-class mail to each class member, with an explanation of the right to 'opt out,'" within a reasonable time. *Makaeff v. Trump University, LLC*, No. 10-cv-940, 2015 WL 5638192 at *2 (S.D. Cal., Sep. 21, 2015), citing *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 812, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985).   Due process does not require inclusion of an opt-out form with the class notice.   Notice is adequate if it may be understood by the average class member.   4 *Newberg on Class Actions* § 11.53 at P. 167 (4th Ed. 2013).   If the notice is sufficiently clear, there is no need for inclusion of an opt out notice. *See e.g.*, 3 Alba Conte & Herbert B. Newberg *Newberg on Class Actions* § 8.21, at 232 (4th ed.2002) ("courts have rejected the inclusion of opt-out forms with published and mailed combination notices"); *In re Fedex Ground Package System, Inc. Employment Practices Litigation*, No. 3:05-MD-527, 2008 WL 927654 at *3 (N.D. Ind., Apr. 4, 2008) ("Nothing in Fed.R.Civ.P. 23(c)(2) requires an opt out form , and the notice provides reasonable and clear instructions on the procedure of opting out…Consequently, the advantages provided by an "opt

out form" would be minuscule, and there is simply no need to require Plaintiffs to include one"); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F.Supp.2d 140, 152-53 (D. Conn. 2005). Indeed, the model class notice forms provided by the Federal Judicial Center "do not appear to contemplate the inclusion of an exclusion notice form." *Krzesniak v. Cendant Corp.*, No. C-05-05156 , 2007 WL 4468678 at *3 (N.D. Cal. Dec. 17, 2007).

As a general rule, class notice must strike a balance between thoroughness and the need to avoid unduly complicating the content of the notice so as to confuse class members. *Spann v. J.C. Penney Corp.*, No. SACV-12-0215, 2016 WL 297399 at *15 (C.D. Cal. Jan 25, 2016). For this reason, courts have rejected requests to include an opt-out form in instances when the notice clearly described the out-opt procedures. *Sibley v. Sprint Nextel Corp.*, No. 08-2063, 2009 WL 662630 at *2 (D.Kan. March 13, 2009) (not necessary to risk creating confusion by including an opt-in form where the class notice clearly describes the simple steps to opt-out of the case). *Krzesniak*, 2007 WL 446878 at *3 (a separate opt-out form is likely to "engender confusion and may encourage class members to unwittingly opt out of the class"); *Roberts v. Heim*, 130 F.R.D. 416, 423 (N.D. Cal. 1988) (observing that on balance "a separate form will engender confusion and encourage investors to unwittingly opt out of the class.")

The proposed class notice clearly sets out the procedures for opting out in simple and straight-forward terms. Class members may contact Plaintiff's counsel, who is proficient in Haitian Creole. Under these circumstances, there is no need for inclusion of an opt out form, which creates a risk that class members will unwittingly opt out of the case.[1]

---

1 In the related case involving H-2B workers employed in 2011 by GLK Foods, the Court approved a considerably more complex class notice, without the inclusion of any opt out form. *See Jurado Jimenez v. GLK Foods, LLC*, Case No. 1:12-cv-209, Docket Entry 98-1 (proposed

- 3 -

Case 1:15-cv-00636-WCG    Filed 03/28/16    Page 3 of 5    Document 31

Respectfully submitted,

*/s/ Gregory S. Schell*
Gregory S. Schell
Florida Bar Number 287199
MIGRANT FARMWORKER JUSTICE
    PROJECT
Post Office Box 32159
Palm Beach Gardens, Florida 33420
Telephone: (561) 582-3921
e-mail: Greg@Floridalegal.Org

Attorney for Plaintiff

---

class notice) and text order of October 8, 2014 (approving class notice).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document will be served on counsel listed below by CM/ECF on March 28, 2016:

>Bradley S. Bell
>BELL LAW GROUP, P.A.
>407 N. Howard Avenue
>Suite 201
>Tampa, Florida    33606

>Gregory B. Gill, Sr.
>GILL & GILL, S.C.
>128 North Durkee Street
>Appleton, Wisconsin   54911

>*/s/ Gregory S. Schell*
>Gregory S. Schell