UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDRE JEAN-BAPTISTE, individually and
on behalf of all persons similarly situated,

            Plaintiff,

    v.                                                       Case No. 15-C-636

GLK FOODS LLC,

            Defendant.

## ORDER GRANTING MOTION FOR APPROVAL
## AND MAILING OF CLASS NOTICE

On November 12, 2015, this Court certified a class consisting of all migrant agricultural workers furnished to Defendant GLK Foods LLC by farm labor contractor Cabioch Bontemps (d/b/a Kroprite Harvesting) in 2011 for employment at GLK's Bear Creek, Wisconsin processing facility. ECF No. 27. Plaintiff has now filed a motion for approval of a notice to be sent to class members and for approval of the mailing of the notice to the members of the class at each class member's permanent address. ECF No. 31.

The parties agree on the content of the proposed notice, ECF No. 31-1, provided that it is translated into the class members' native language, Haitian Creole. ECF No. 31 at 2. The notice has now been translated by Plaintiff into Haitian Creole, ECF Nos. 34 & 34-1, and Defendant does not object to the translation. ECF No. 35 at 1.

The parties disagree about whether to include with the notice a form class members may complete and return to opt out of the case. Plaintiff opposes Defendant's request to include the opt-out form as unnecessary and likely to cause confusion to the class members, most of whom are not

fluent in English. ECF No. 31 at 2. Plaintiff asserts that the due process rights of the absent class members are adequately protected by the mailing to them of a notice simply explaining their right to opt out of the case, and Plaintiff notes that Federal Rule of Civil Procedure 23(c)(2) does not require the sending of any opt out form. ECF No. 31 at 2–3. Defendant argues the opt-out form should be included for the convenience of the putative class members. ECF No. 35 at 1. Specifically, Defendant notes that Plaintiff's notice imposes the burden upon the putative class members of drafting and delivering some form of written communication, in English, to the Clerk of the Court to exercise their right to opt out of the case. *Id.* at 4. Defendant submits a proposed opt out form, a version of the opt out form translated into Haitian Creole, and a Certificate of Accuracy indicating the opt out form was properly translated by a certified translator. ECF No. 35-2. Defendant requests that a pre-addressed and stamped envelope be included in each mailing in addition to the opt out form and notice.

Rule 23(c)(2)(B) requires that the "best notice practicable under the circumstances" must be provided to putative class members. District courts have broad discretion and flexibility in determining what constitutes the most practical notice under the circumstances. 7B WRIGHT, MILLER, & KANE, FEDERAL PRACTICE & PROCEDURE CIVIL 3d § 1793 (3rd ed. 2009). Although an opt out form is not required, it has been called "fair-minded and beneficial" to include such a form with a class notice. *Bafus v. Aspen Realty, Inc.*, No. CV-04-121-S-BLW, 2007 WL 793633, at *4 (D. Idaho Mar. 14, 2007). Moreover, although I recognize Plaintiff cites many cases where courts declined to authorize the sending of such forms, I think the burden placed upon the class members who wish to opt out in this case is greater than in the typical case because the class members potentially do not speak or write in English. The Plaintiff's proposed notice specifically states that

2

the class members should not contact the Clerk's Office by telephone, meaning they will have to opt out in writing. Also, I think the risk of confusing the class members is low because the opt out form clearly states in the class members' native language that opting out requires signing and returning the form whereas not signing and returning the form will result in the class members' automatically becoming a member of the class action. ECF No. 35-2 at 1. With respect to Defendant's request to include pre-addressed and stamped envelops with the opt out form, I agree that such provisions make sense, and approve including such envelops so long as Defendant is responsible for the added expense. Finally, item 6 of the notice should be revised as follows: "If you do <u>not</u> wish to be a part of this lawsuit, you have the right to be dropped from the lawsuit. <u>If you wish to be dropped, you must complete and return the enclosed 'Exclusion Request Form' no later than [120 days from the mailing date].</u> If you ask to be dropped from the suit, you will not be bound by the results of the lawsuit."

    Defendant also argues that Plaintiff has not conducted a reasonable effort to identify the current addresses of the putative class members and that an extended deadline of 120 days from the mailing of the class notices should be set for the class members to opt out given that the class members are migrant farmworkers who spend long periods of time away from home. Plaintiff does not object to the 120 day response deadline, ECF No. 36 at 3, and I therefore approve that time frame. With respect to the class members' current addresses, Plaintiff notes that Defendant fails to identify any viable source of information containing the class members' current addresses. Plaintiff obtained a list of the class members' addresses from the Wisconsin Department of Workforce Development, which investigated Bontemps' activities in 2011. Plaintiff also subpoenaed records from Margalie Louis, who maintained the payroll records of Kroprite Harvesting in 2012, 2013 and

3

2014. Defendant complains that the information obtained in these ways is dated and notes that some of the addresses have changed since 2011, but Defendant fails to identify any other source from which the parties could otherwise discover the workers' current addresses.  Plaintiff also notes Defendant was obligated to maintain and preserve records of the workers' permanent addresses under federal law.  In light of the foregoing, I conclude Plaintiff's efforts to ascertain the current addresses of the class members were reasonable.  To the extent Defendant does have updated addresses for any of the class members, the parties are directed to ensure that the mailing list used is as up to date as reasonably possible based on the information available to them at this time.

Plaintiff's motion for approval and mailing of class notice is therefore **GRANTED** subject to the above.  The mailing should be completed by counsel for the class within a reasonable time henceforth.

**SO ORDERED** this   24th   day of June, 2016.

                 s/ William C. Griesbach
                 William C. Griesbach, Chief Judge
                 United States District Court